# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------

ELAINE WANG,                   :
                                :

          Plaintiff,        :     Civil Action No. _____
                                  :

v.                                   :     **COMPLAINT FOR VIOLATIONS OF**
                                  :     **SECTIONS 14(a) AND 20(a) OF THE**
ARATANA THERAPEUTICS, INC., CRAIG   :     **SECURITIES EXCHANGE ACT OF**
A. BARBAROSH, DAVID L. BRINKLEY,   :     **1934**
IRVINE O. HOCKADAY, JR., J.D.,        :
MERILEE RAINES, LOWELL W.          :     **JURY TRIAL DEMANDED**
ROBINSON, ROBERT P. ROCHE, JR.,     :
CRAIG TOOMAN, JOHN W. VANDER     :
VORT, J.D., and WENDY YARNO,        :
                                    :

          Defendants.      :

---------------------------------------------------------

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.     This is an action brought by Plaintiff against Aratana Therapeutics, Inc. ("Aratana or the "Company") and the members Aratana's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a),  and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed acquisition of Aratana by Elanco Animal Health, Inc. ("Elanco").

2.     Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the

"Registration Statement") to be filed on May 30, 2019 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Elanco Athens Inc. ("Merger Sub"), a wholly owned subsidiary of Elanco, will merge with and into Aratana with Aratana surviving the merger and becoming a wholly owned subsidiary of Elanco (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each Aratana common share issued and outstanding will be converted into the right to receive 0.1481 share of Elanco common stock with a cash contingent value right of $0.25 to be granted to Aratana shareholders as of the closing date if Aratana's drug capromorelin achieves certain sales levels before the end of 2021 ("CVR") (the "Merger Consideration").

3.      As discussed below, Defendants have asked Aratana's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Registration Statement contains materially incomplete and misleading information concerning the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction. The financial projections were also utilized by the financial advisor of the Company, Barclays Capital Inc. ("Barclays"), in conducting the valuation analyses in support of the fairness opinion. The Registration Statement also omits or misrepresents information regarding background of the Proposed Transaction.

4.     It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Aratana's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Aratana in incorporated in this District.

## PARTIES

9.     Plaintiff is, and has been at all relevant times, the owner of Aratana common stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Craig A. Barbarosh has served as a member of the Board since May 2018.

11.     Individual Defendant David L. Brinkley has served as a member of the Board since March 2014.

12.     Individual Defendant Irvine O. Hockaday, Jr., J.D. has served as a member of the Board since August 2014.

13.     Individual Defendant Merilee Raines has served as a member of the Board since February 2014.

14.     Individual Defendant Lowell W. Robinson has served as a member of the Board since May 2018.

15.     Individual Defendant Robert P. Roche, Jr. has served as a member of the Board since June 2014.

16.     Individual Defendant John W. Vander Vort, J.D. has served as a member of the Board since September 2012.

17.     Individual Defendant Craig Tooman is the Company's President and Chief Executive and has served as a member of the Board since January 2019.

18.      Individual Defendant Wendy Yarno has served as a member of the Board since October 2013 and as Chairperson of the Board since August 2015.

19.     Defendant Aratana is incorporated in Delaware and maintains its principal offices at 11400 Tomahawk Creek Parkway, Suite 340, Leawood, Kansas 66211.   The Company's common stock trades on the NASDAQ Stock Exchange under the symbol "PETX."

20.     The defendants identified in paragraphs 10-18 are collectively referred to as the "Individual Defendants" or the "Board."

21.     The defendants identified in paragraphs 10-19 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.**     **The Proposed Transaction Undervalues Aratana**

22.     Aratana, a pet therapeutics company, focuses on the licensing, development, and commercialization of therapeutics for dogs and cats in the United States. Its product portfolio includes small molecule therapeutics and therapeutic candidates. The Company markets NOCITA, a post-operative analgesia for cranial cruciate ligament surgery in dogs; ENTYCE for appetite stimulation in dogs; GALLIPRANT for the control of pain and inflammation associated with osteoarthritis in dogs; and canine osteosarcoma vaccine, live listeria vector for the treatment of dogs diagnosed with osteosarcoma in the United States. It is also developing NOCITA, a bupivacaine liposome injectable suspension for post-operative pain in cats; AT-002, a specific formulation of capromorelin for use in cats; AT-018, an oral CRTH2 antagonist for the treatment of atopic dermatitis in dogs; AT-006, an anti-viral eprociclovir that is used for the treatment of feline herpes virus-induced ophthalmic conditions in cats; AT-016, allogeneic adipose-derived stem cells for dogs; and AT-019, an EP4 receptor antagonist therapeutic candidate with potential in pain, inflammation, and other indications.

23.     On April 26, 2019, the Company and Elanco jointly announced the Proposed Transaction:

> LEAWOOD, Kan., April 26, 2019 /PRNewswire/ -- Aratana Therapeutics (NASDAQ: PETX), a pet therapeutics company focused on developing and commercializing innovative therapeutics for dogs and cats, announced it has signed an agreement to be acquired by Elanco Animal Health (NYSE: ELAN), its global collaboration partner on GALLIPRANT® (grapiprant tablets). In conjunction with the transaction, Elanco also announced the formation of a commercial team dedicated to the veterinary specialty business. Aratana's field force has demonstrated the ability to technically communicate with veterinarians on pet therapeutics and if the proposed agreement is consummated, the Aratana field force would transition into this commercial team.

The deal is structured as a stock-for-stock transaction. Subject to the terms of the agreement, upon the closing of the transaction, Aratana stockholders will receive 0.1481 share of Elanco common stock and one contingent value right (CVR) for each share of Aratana common stock. Based on the exchange ratio and the closing prices on April 24, 2019, Aratana's stockholders would receive Elanco shares equivalent to an implied value of $4.75 per Aratana share, representing a premium of approximately 40 percent, plus one CVR per Aratana share. The CVR of $0.25 in cash per Aratana share shall be granted to Aratana stockholders as of the closing date and paid if capromorelin achieves certain sales levels on or before the end of 2021. Including the CVR, the transaction represents aggregate value of up to approximately $245 million. The proposed transaction remains subject to customary closing conditions, including approval by Aratana stockholders and clearance under the Hart-Scott-Rodino Antitrust Improvements Act. The proposed transaction has been unanimously approved by the Aratana board.

Today's announced transaction would allow Elanco to integrate the Aratana portfolio of pet therapeutics into their companion animal therapeutics business, including a pipeline of therapeutic candidates and two marketed products. If the proposed transaction is consummated, we believe Aratana's portfolio will significantly benefit from Elanco's broader on-the-ground presence in the U.S. and Elanco's approach to lifecycle management, specifically the potential to initiate international approvals.

\* \* \*

24.     The Merger Consideration undervalues the Company's shares in light of its recent financial performance and prospects for future growth.   More specifically, shortly after the announcement of the Proposed Transaction, Aratana reported revenue growth from all three of the Company's therapeutics in the first quarter of 2019, resulting in the Company's stronger quarter of product sales in the history of the Company. Total revenues for the quarter was $7.4 million compared to $4.0 million in the first quarter of 2018. Product sales was $1.5 million in the quarter compared to $0.5 million in the first quarter of 2018.

25.     Accordingly, the Company is well-positioned for financial growth and the Merger Consideration fails to adequately compensate Company stockholders by cutting off their ability to benefit from the Company's continued growth.

26.     Despite the inadequate Merger Consideration, the Board has agreed to Proposed Transaction.  It is therefore imperative that Aratana's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.      The Materially Incomplete and Misleading Registration Statement**

27.     On May 30, 2019, Aratana and Elanco jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction.  The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

28.     With respect to the financial projections disclosed in the Registration Statement, the Registration Statement fails to provide material information.

29.     For the projections for Aratana, including the Initial Management Projections and Updated Management Projections, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics such as (1) EBIT, (2) Unlevered Free Cash Flow, but fails to provide: (i) the line items used to calculate the non-GAAP measures,

or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a). Registration Statement 87-88. EBIT and Unlevered Free Cash Flow are non-GAAP measures as contemplated by Regulation G.

30.     The Registration Statement omits projections for Elanco, referred to as the "Elanco Guidance" in the Registration Statement. Registration Statement at 77. Projections for Elanco are material for shareholders since Barclays reviewed and analyzed them for its fairness opinion.  Also omitted from the Registration Statement are projections for the pro forma combined company, which is especially material in light of the fact that, upon closing of the Merger, Aratana shareholders will own a portion of the combined company. Thus, the values of the pro forma company on a going forward basis are plainly material to the value of the consideration that Aratana shareholders are receiving.

31.     When a company discloses non-GAAP financial measures in a Registration Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

32.     The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its

usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[1]

33.     Thus, to cure the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration Statement, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures. At the very least, the Company must disclose the line item forecasts for the financial metrics that were used to calculate the aforementioned non-GAAP measures.  Such forecasts are necessary to make the non-GAAP forecasts included in the Registration Statement not misleading.

34.     With respect to the *Discounted Cash Flow Analyses* for Aratana, the Registration Statement also fails to disclose: (i) the projected terminal value for the Company as of December 31, 2040; (ii) the inputs and assumptions underlying the range of after-tax discount rates ranging from 11% to 15%, (iii) the after-tax unlevered free cash flows for each of the fiscal years 2019 through 2040; and (iv) the number of fully diluted shares of Aratana common stock outstanding as of March 31, 2019. Registration Statement at 80.

35.     With respect to the *Selected Precedent Transaction Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for each transaction selected by Barclays.

36.     With respect to the *Selected Comparable Company Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for each company selected by Barclays.

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

37.     With respect to the *Background of the Merger*, the Registration Statement fails to state whether the confidentiality agreements entered into with the potential bidders including Elanco contained "don't-ask-don't-waive" ("DADW") provisions, and whether those restrictive provisions are still in effect or if they expired when the Proposed Transaction was announced. Registration Statement at 62. The omission of the existence of the DADW provisions renders the Registration Statement misleading because it creates a false impression that any of the eleven potential bidders could have made a superior offer for the Company.

38.     In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

39.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

41.     Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction.   Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

42.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.   Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).   The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

43.     Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.   The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.   Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.   Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives and the Company's financial projections.

44.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and

omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

### On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

45.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46.     The Individual Defendants acted as controlling persons of Aratana within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Aratana, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Aratana, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Aratana, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed

by the Board prior to voting on the Proposed Transaction.  The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Registration Statement.

49.    In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

50.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

52.    Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.    Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with,

consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B.      Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.      Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: June 3, 2019

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*

**OF COUNSEL:**

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Gloria Kui Melwani
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
Email: melwani@whafh.com

Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*